PAYNE *v.* SEYMOUR.

Opinion delivered June 16, 1930.

E. W. *Brockman*, for appellant.

U. J. *Cone*, for appellee.

SMITH, J. This suit was brought by appellee to recover the value of certain cotton, upon which she claimed a lien as landlord, and which had been converted by appellant.

Appellant is a merchant, and does a farm supply business, and, beginning in 1921, made advances to James Pope, a tenant of appellee, who was a sharecropper paying one-fourth of his cotton as rent. Appellant made advances to Pope in 1928 and took a mortgage on his interest in the crop, and in the fall of that year remitted to appellee a check for $140.61 as one-fourth of the proceeds of the sale of five bales of cotton grown by Pope. Previous settlements for 1921 to 1927, inclusive, had been made in this manner.

R. W. Seymour, was the son and agent of appellee, had charge of her farm, and the check referred to was remitted to him, but upon its receipt he wrote appellant that the land had been rented to Pope for 1928 for a cash rental of $600 per year, and not for an agreed share of the crop, as had formerly been the case. This was the first knowledge appellant had that Pope did not have the same contract for 1928 which he had previously operated under. Appellant testified that Pope had told him that he was working the land in 1928 under the same contract, and appellant further testified that he would not otherwise have made advances to Pope, and that appellee's agent led him to believe that no change had been made in Pope's contract. The testimony was to the effect that there had been some controversy about the proceeds of the last bale of 1927 cotton sold, and appellant testified that appellee's son and agent told him that, if he (appellant) was going to furnish Pope in 1928, he might credit the entire proceeds of this last bale of cotton on Pope's account, and that he had done so, after which a large balance still remained due him.

Appellant insists that when he bought Pope's cotton he was in possession of no information to warn him that he was buying cotton on which there was a lien on more than one-fourth of it, and that when appellee's agent accepted $140 check, which the statement accompanying the check showed to be one-fourth the value of five bales of cotton, she thereby waived her lien and rati-

fied the sale. Appellee received other cotton from Pope and offered to settle with appellee for one-fourth of its value, and it is undisputed that he received altogether from Pope cotton of a greater value than $600.

Pope admitted the execution of the rent note sued on in January, 1928, and testified that he did not tell appellant that he had not changed his rental contract, for the reason that he supposed appellant had secured this information from appellee, or her agent, and when appellant asked him about his rent contract he told him that he had agreed to pay $600 money rent in 1928, and appellant said then that he ought to have made the inquiry earlier.

Appellee's son and agent testified that when the last of the 1927 crop was being settled for appellant threatened to take Pope's team and tools, and he then agreed that appellant might apply the entire proceeds of the last bale of cotton to his account, upon condition that the team and tools be not disturbed, but that nothing was said then or at any other time about what the 1928 rent would be.

The court found "that defendant could not rely on the fact that the tenant had rented the land previously for one-fourth of the cotton, and that there was no ratification by plaintiff of tenant's sale of the cotton to defendant," and this appeal is from that decree.

It thus appears that this appeal presents only a question of fact, and, without further recital of the testimony, we announce our concurrence in the finding of the chancellor that appellant had no right to assume there would be no change in Pope's rental contract, and that neither appellee nor her agent did anything to induce such a belief by appellant, and also that her acceptance of one-fourth of the proceeds of the sale of the first five bales of cotton was not a waiver of her lien. The cotton had been purchased and converted by appellant when he remitted the check, and appellee was entitled, in any event, to the money paid her. Appellee's son and

1086

agent testified that the letter accompanying the check was the first information he had that appellant did not know the terms of Pope's 1928 rental contract, and that he at once wrote appellant as to what the contract was.

Appellant admits that he knew of appellee's lien when he bought Pope's cotton, but he thought the lien covered only a one-fourth interest in the crop. It does not appear, however, that appellee or her agent did anything to induce this misapprehension, and the decree holding appellant liable for the value of the cotton converted, to the extent of the balance due on rent, is correct, and must therefore be affirmed, and it is so ordered.